IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES of AMERICA                              PLAINTIFF/RESPONDENT

V.                              No. 13-50055

LUIS MIGUEL OSORIO-ALVARADO                          DEFENDANT/PETITIONER

Magistrate Judge's Report and Recommendation

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (ECF No. 21) filed September 2, 2014. The United States of America filed a Response (ECF No. 24) on October 2, 2014. The Petitioner filed a Reply (ECF No. 25) on November 24 to which the Government responded (ECF No. 26). The Petitioner then filed a Request for an Evidentiary Hearing (ECF No. 27). The matter is now ready for Report and Recommendation.

I. Background

On April 30, 2013, a criminal complaint was filed alleging Luis Miguel Osorio-Alvarado a/k/a Louis Osorio a/k/a/ Ernest Villareal a/k/a Alfredo Marrero (hereinafter "Osorio-Alvarado") was found in the United States after having been previously arrested and deported without having obtained consent of the Attorney General/Secretary of Homeland Security of the United States for re-application for admission into the United States in violation of 8 U.S.C. § 1326(a). (Doc. 1).

On May 8, 2013, Osorio-Alvarado was named in a one-count Information filed in the Western District of Arkansas charging that on or about April 22, 2013, in the Western District of Arkansas, Fayetteville Division, Osorio-Alvarado, an illegal alien who had been previously

removed or deported from the United States on or about December 20, 2010, was found to be in the United States, having knowingly and unlawfully reentered this country without having obtained permission from the Attorney General of the United States and/or the Secretary of the Department of Homeland Security to reenter the United States, in violation of 8 U.S.C. § 1326(a). (Doc. 3).

On May 8, 2013, Osorio-Alvarado appeared for arraignment with appointed counsel, Bruce Eddy, before the Honorable Erin L. Setser and entered a plea of guilty to the Information. (Doc. 7). A written plea agreement was presented to the Court that set forth that Osorio-Alvarado agreed to waive indictment and consent to the filing of a one count Information charging him with Reentry by Removed Aliens in violation of 8 U.S.C. § 1326(a). (Doc. 11).

On July 8, 2013, the Probation Office issued Osorio-Alvarado's initial Presentence Investigation Report (PSR). Neither the United States nor Osorio-Alvarado raised objections to the PSR. (Add. to PSR).

On July 16, 2013, the Probation Office issued Osorio-Alvarado's final PSR. The PSR assessed a base offense level of 8 pursuant to U.S.S.G. § 2L1.2. (PSR, ¶ 17). However, Osorio-Alvarado's base offense level was increased by 16 as the PSR found he had previously been deported after a conviction of a crime of violence. (PSR, ¶ 18). This resulted in an adjusted offense level of 24. (PSR, ¶ 22). After receiving a 3 level decrease for acceptance of responsibility, Osorio-Alvarado's total offense level was determined to be 21. (PSR, ¶¶ 23-25). Osorio-Alvarado's criminal history amounted to a score of 5 placing him in a criminal history category III. (PSR, ¶ 35). His statutory range called for a maximum term of 20 years imprisonment on the count of conviction. (PSR, ¶ 49). Osorio-Alvarado's advisory guidelines range was calculated as 46 to 57 months imprisonment. (PSR, ¶ 50).

On September 9, 2013, Osorio-Alvarado appeared for sentencing. (Doc. 18). The Court sentenced Osorio-Alvarado to 36 months imprisonment, no supervised release as deportation is anticipated, a $1,000 fine, and $100 special assessment. (Doc. 19).

On September 2, 2014, Osorio-Alvarado filed the instant Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") (Doc. 21) alleging an Illegal Sentence (Id., p. 4) and Ineffective Assistance of Counsel (Id., p. 7).

## II.  Discussion

### A.  Illegal Sentence:

The Petitioner's first contention is that his Battery 3rd conviction in May 2010 was a misdemeanor offense and that it was incorrectly classified as a felony crime of violence in the PSR  (ECF No. 16, p. 5).

The Arkansas statute in question classifies Domestic Battery in the Third Degree as a class D felony if it is "committed against a woman the person knew or should have know was pregnant." (A.C.A. §5-26-305(b)(2)(A)).  In Arkansas, a defendant convicted of a Class D felony shall receive a sentence not exceeding six years. Ark. Code. Ann. § 5-4-401(a)(5).

The PSR, in providing information about the offense in question,  stated that "on or about April 25, 2006, the defendant struck his girlfriend in the face and body after finding out she was 6 weeks pregnant." (ECF No. 16, pp. 6-7).  The court has obtained the information filed in Washington County Circuit Court which specifically provided in Count 2 that the Petitioner:

> Purposely and recklessly caused physical injury to a family or household member knowing she was more than 4 weeks pregnant, in violation of ACA §5-26-305, to-wit: after finding out his girlfriend was six weeks pregnant, he struck her about the face and body causing

physical injury.[1]  (Exhibit A).

The Government's Response filed November 25, 2014 provided a copy of the Judgment entered in Washington County Circuit Court on May 5, 2010[2].  The Judgment specifically provides that the Petitioner is convicted a Domestic Battery 3rd Degree a class D felony. (ECF No. 26-1)

According to the PSR a Warrant of Removal/Deportation for the Defendant was entered on November 8, 2010 and he was subsequently deported on December 23, 2010 out of Alexandria, Louisiana. (ECF No. 16, p. 4, ¶ 7).  The Defendant was subsequently arrested on traffic offenses in Springdale, Arkansas in April 2013. (Id., p. 7, ¶ 32).  The Defendant initially provided the name of Luis Osorio and then Ernest Villereal. The Defendant was encountered by ICE during routine screening and his true identity was determined. (Id., p. 3, ¶4).

The guidelines call for a base offense level of eight for violations of 8 U.S.C. § 1326(a) and (b)(2). See U.S.S.G. § 2L1.2. Moreover, the guideline at issue further provides for a 16-level increase in the base offense level if the defendant was deported or remained in the United States after conviction for a felony that is a crime of violence, U.S.S.G. § 2L1.2(b)(1)(A)(ii), defined under Application Note 1(B)(iii) as any of the following: murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, **or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of**

---

[1]The information was dated May 23, 2006 but the Defendant failed to appear in August 2006 and warrant was issued on August 7, 2006.

[2]The Judgment reflects that the Defendant appeared May 4, 2009 but this is clearly a scrivener's error because the Judgment is signed by the Circuit Judge on May 4, 2010 and the Conditions of Suspended Sentence was also signed on May 4, 2010.

**physical force against the person of another.** Title 18 U.S.C. § 16 defines the term "crime of violence" to mean:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Eighth Circuit has previously held that Domestic Battery in the Third Degree constituted a crime of violence (*See U.S. v. Torres-Castro*, 75 Fed. Appx. 552, C.A.8 (Ark.), 2003 and, in this case, it is clear that the Domestic Battery involved physical injury to a pregnant victim and constituted a crime of violence as defined by the statute.

The Petitioner's contention that his sentence is illegal because his conviction for Domestic Battery was not a crime of violence is without merit.

**B.  Ineffective Assistance of Counsel:**

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel (*U.S. Const. amend. VI).* The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000);  2254. *Cox v. Wyrick,*  642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the

performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

The only claim the Petitioner makes concerning his attorney ineffectiveness is that he failed to object to the 2010 Domestic Battery conviction being a crime of violence. As noted above the 2010 conviction was properly determined to be a crime of violence and if his attorney had objected it would have been without merit. It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.* 905 F.2d 218, 219 (C.A.8 (Minn.),1990).

**C. Evidentiary Hearing:**

The Petitioner has asked for an Evidentiary Hearing. (ECF No. 27). A petitioner is entitled to an evidentiary hearing on a habeas motion unless " 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.' " *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir.2005) (alteration in original) (quoting 28 U.S.C. § 2255). No hearing is required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007) (internal quotation omitted). *Anjulo-Lopez v. U.S.* 541 F.3d 814, 817 (C.A.8 (Mo.),2008) "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Evans v. U.S.* 200 F.3d 549, 551 (C.A.8 (Iowa),2000) *citing Urquhart v. Lockhart,*

*726 F.2d 1316 (8th Cir.1984); See also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998).

The Petitioner's claim can be settled on the record without an evidentiary hearing because the evidence clearly demonstrates that the Petitioner's conviction for Domestic Battery constituted a crime of violence.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **DISMISSED with PREJUDICE** and the Petitioner's request for an Evidentiary Hearing (ECF No. 27) is DENIED.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  December 19, 2014.

        */s/ J. Marschewski*
        HONORABLE JAMES R. MARSCHEWSKI
        CHIEF UNITED STATES MAGISTRATE JUDGE